MARY SPATARO, as Administratrix, etc., of JOHN SPATARO, Deceased, Claimant, v. THE STATE OF NEW YORK, Defendant.
(Claim No. 24146.)

Court of Claims, September 24, 1937.

*Leonard Brunner* [*Nathan M. Medwin* of counsel], for the claimant.

*John J. Bennett, Jr., Attorney-General* [*Joseph L. Delaney, Assistant Attorney-General,* of counsel], for the defendant.

GREENBERG, J. The claimant's intestate was an inmate at Kings Park State Hospital. At the time of his commitment he was suffering from dementia praecox, paranoid type, and though he showed improvement, he was still suffering from the same ailment on September 25, 1933, the day of the accident. On that day he and fourteen other inmates were placed in line in the washroom of the laundry building in the hospital, waiting to be shaved. In that room were three vats containing hot or liquid soap, two of which were uncovered and had no protection, the other one being covered. While in the wash room decedent had no direct supervision, and jumped into one of the uncovered vats of boiling soap, sustaining injuries which resulted in his death.

Forethought and care in the maintenance of the vats of boiling soap, built as they were, so close to the floor level, would certainly have avoided the accident to the deceased. Proper management would not have patients of type of claimant's deceased waiting in line in a room with vats of boiling soap, having no covers or any other protection. One with suicidal mania might attempt suicide by jumping into such uncovered vats and become scalded to death. Doctors Campbell and Haley stated that there was always present the possibility of a recurrence of the delusions in a patient of deceased's type. Under such circumstances, it certainly was negligence and carelessness on the part of the hospital employees or those in charge to have permitted the vats of boiling soap to remain uncovered or to have allowed such patients as the deceased to be in a room under those conditions awaiting the barber.

Moreover, the State was careless and negligent in not having direct and more adequate supervision of the deceased while in the washroom of the laundry with the uncovered vats of boiling liquid soap. He had suicidal mania, which was known to the employees and the hospital authorities. Certainly, with knowledge of such facts, it was negligence on the part of those in charge of the hospital to have allowed or permitted deceased in any place where he could commit injuries to himself resulting in his death. The room with the uncovered vats offered the opportunity to commit suicide, and without adequate and proper direct surveillance he should not have been in that room. The record does not disclose that the attendance and watching of the deceased were sufficient but, on the contrary, it appears that at the time of the accident the supervision of the deceased, under all of the circumstances, was wholly insufficient and inadequate. The occurrence resulting in the death of the deceased was not simply a possibility, it was such as could be reasonably anticipated; as a matter of fact, it might and could be expected from a patient with a suicidal mania. The State is liable for the damage sustained by reason of the death of the deceased.

It is rather difficult to assess damages in a case of this nature. The deceased was twenty-eight years of age, married, and left surviving his widow and two daughters, four and two years of age. He was in good health up to a short time prior to his commitment; was employed as a longshoreman and later as a grass cutter, earning twenty-four dollars per week. While the hospital record discloses that he was showing improvement, however, at the time of the accident he was still suffering from dementia praecox, and these facts must be given careful consideration in estimating the damages sustained.

While it has been held that substantial and not nominal damages should be awarded in actions to recover damages for the death of one injured through defendant's negligence, nevertheless, in the instant case, the deceased's ailment and the possibility of his recovery or failure to recover therefrom must be given due and careful consideration in fixing the damages.

Weighing all the facts bearing upon the amount of damages sustained as a result of decedent's death, claimant is entitled to an award in the sum of $5,000, together with $537 for funeral expenses incurred herein, making in all a total sum of $5,537.

BARRETT, P. J., concurs.